23 C.C.P.A.(Patents)

### In re SEELIG et al.

### Patent Appeal No. 3577.

Court of Customs and Patent Appeals.

Feb. 17, 1936.

Edward B. Beale, of Chicago, Ill. (Bruce K. Brown, of Wenona, Ill., Donald E. Payne, of Chicago, Ill., and Frederick H. Untiedt, of Washington, D. C., of counsel), for appellant.

R. E. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In this appeal there are involved five claims, numbered 19 to 22, inclusive, and 25, of an application for patent filed in the United States Patent Office, entitled "Improvements in Bubble Trays and Method of Assembling Same."

Twelve claims of the application stand allowed. All the claims at issue here are product claims. They were rejected by the Examiner as presenting nothing patentable over prior art. The Examiner's decision was affirmed by the Board of Appeals, and appeal was then taken to this court.

The subject-matter seems very well illustrated in claim No. 19. It reads: "19. In a fractionating tower, a tray provided with means for effecting gas and liquid contact thereon, said tray having an upwardly extending rim around the periphery thereof, means for supporting said tray in said tower and means for wedging the rim of the tray adjacent the wall of the tower, said means comprising wedge-shaped blocks placed at a plurality of points around the periphery of the tray."

Three references are cited, viz.: Squintani, 228,410, June 1, 1880; Stungo, 1,351,587, August 31, 1920; Alexander, 1,796,135, March 10, 1931.

The reference principally relied upon is the patent to Alexander. It is the only patent cited that relates to bubble towers.

As presented here, the issue is a narrow one. It is confined to means comprising wedge-shaped blocks by which the rim of the tray is wedged adjacent the inner wall of the tower; the blocks being inserted at a plurality of points around the periphery of the tray. Structural features requisite to the insertion and use of wedges in this particular field are provided.

In general, it may be said that bubble towers are vertical cylindrical columns, sometimes as much as 16 feet in diameter, which are internally divided into zones by means of a plurality of trays horizontally disposed, placed one above the other, and spaced apart at distances which admit of the entrance of workmen to remove the trays when it becomes necessary to clean off the coke and tar deposits that accumulate upon them in the process of rectifying petroleum and the like.

Normally, annular ledges are either riveted or welded to the inner wall of the tower and the trays rest upon these ledges. In the Alexander patent the trays are fastened to the ledges by means of nuts and bolts, and, when it becomes necessary to remove the trays for cleaning, these nuts and bolts must be removed. Appellants' specification teaches that the nuts and bolts become covered with coke and tar and often corrode, rendering their removal extremely difficult for a workman laboring in a space so restricted that he must recline upon one tray while removing the tray above it.

Appellants have substituted wedges for the nuts and bolts of the prior art. These wedges may be driven out with proper tools, and the task of removing the trays is thus rendered easier of accomplishment.

It is, of course, a matter of common knowledge that wedge-shaped blocks have been used as holding means in a great variety of arts from time immemorial, and the respective patents to Squintani and Stungo, cited by the Examiner, illustrate such use in certain fields.

The patent to Squintani relates to printers' quoins and discloses a pair of quoins, each pair made of wedge-shaped parts, by means of which type forms are locked within chases and securely held for the printing operation.

The patent to Stungo relates to a demountable rim construction in which a tire rim is held in place by means of wedge-shaped pieces.

It should be said that the rejection of the claims here at issue was not based upon the two last-named patents, nor were they combined with the patent to Alexander to form an anticipation. The rejection was based upon the view that the use of wedge-shaped blocks as holding means is such a common expedient that substitution of them for the securing means used by Alexander does not involve invention.

As has been stated, Alexander fastens his trays to the ledge by means of nuts and bolts. It should be further stated that his patent also teaches the use of an expansive packing material inserted in such a manner between the tray edge and a ring element as to render the latter "for all practical purposes" a unitary part of the tray. Also it teaches the use of an expansive packing material inserted between the tray and the tower wall, and to this the tribunals of the Patent Office seem to attribute "a holding or wedging effect."

It is taught in the specification of appellants' application that it is common practice to make the trays for bubble towers in sections and that in the prior art the sections were bolted together. Appellants devised a system of wedging these sections together instead of bolting them, and the allowed claims seem to relate chiefly to this feature, although one (No. 23) relates to structure incident to wedging the tray to the tower wall. This claim is somewhat narrower than the claims on appeal.

It is not questioned that appellants were the first to apply wedges in securing trays to the walls of bubble towers, nor is it questioned that theirs is a valuable contribution to the art.

We are unable to detect any analogy whatsoever between the expansive packing material of the Alexander patent and the wedge structure of appellants. The teaching of Alexander is that said material is used for sealing, and, even if some wedging effect is inherent in it as used, we are unable to see wherein it, in any way, facilitates the removal of the trays which is apparently the fundamental object sought and obtained by appellants with their wedge system.

Fully appreciating the fact that the use of wedge-shaped blocks for holding parts of devices together is old, we nevertheless feel constrained to differ with the tribunals of the Patent Office upon the issue here involved.

Appellants have applied a mechanical power to a new use in a manner which concededly has brought a valuable result, and we are of opinion that they are entitled to a protection as broad as that which will be secured in the appealed claims.

Accordingly, the decision of the Board of Appeals, affirming that of the Examiner, is reversed.

Reversed.